IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DIANE E. MATHER, | ) | CIVIL NO. 14-00429 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | |
| vs. | ) | |
| | ) | |
| FIRST HAWAIIAN BANK; JONATHAN | ) | |
| W.Y. LAI; and DAVID Y. | ) | |
| NAKASHIMA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING ACTION**

I.   **INTRODUCTION.**

This case arises out of loans made by Defendant First Hawaiian Bank to Plaintiff Diane E. Mather. Mather is no stranger to this court. She has been declared a vexatious litigant by another judge in this district, having filed what amount to frivolous appeals of various state court foreclosure proceedings. See ECF No. 48 in Civ. No. 14-00384 HG/KSC

The present case, a continuation of an earlier case dismissed by this court, involves loans secured by real property located on Dole Street in Honolulu.

Mather's First Amended Original Petition, filed in the present action on September 29, 2014, alleges that First Hawaiian Bank, in conjunction with the attorneys representing it in state-court foreclosure proceedings, Defendants Jonathan W.Y. Lai and

David Y. Nakashima, "manufactured evidence of indebtedness and used allegedly false evidence of indebtedness" to take her property, thus violating the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). See ECF No. 5, PageID #s 31-32. In a filing on November 5, 2014, Mather clarified that her RICO claim is based on First Hawaiian Bank's foreclosure on the Dole Street property. See ECF No. 18. In other words, Mather is asserting in her current RICO claim that, in the state-court foreclosure proceedings, First Hawaiian Bank and its attorneys presented a false note and mortgage to the state court. Because that a claim essentially seeks to have this court reverse the state court's determination that the loan documents were valid and enforceable, the claim is barred by the Rooker-Feldman doctrine. Accordingly, Defendants' motion to dismiss is granted.

**II.      STANDARD.**

In relevant part, Defendants' motion challenges this court's jurisdiction, arguing that the Rooker-Feldman doctrine precludes the exercise of subject matter jurisdiction over this case.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may either attack the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or attack the existence of subject matter jurisdiction in fact. Thornhill Publ'g Co. v.

Gen, Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the existence of subject matter jurisdiction in fact. Thornhill, 594 F.2d at 733

Defendants' motion to dismiss is a factual attack on this court's subject matter jurisdiction, as it asks the court to examine Mather's extensive history of litigation concerning First Hawaiian Bank's loans to her that were secured by the Dole Street property and to determine that Mather is essentially appealing the state-court foreclosure proceedings to this court. On this motion, the court may accept and evaluate evidence to determine whether jurisdiction exists. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) ("when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

disputes concerning the existence of jurisdiction"); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings does not convert a Rule 12(b)(1) motion into a motion for summary judgment).

**III.     BACKGROUND FACTS.**

This case is a continuation of Civil No. 14-00091 SOM/RLP, a case in which this court entered judgment against Mather with respect to her attempt to appeal from state-court foreclosure rulings related to the Dole Street property. Given the paucity of factual assertions in the First Amended Complaint in this matter, the court takes judicial notice of the pleadings and facts in that earlier case and in the state-court proceedings.

On or about September 25, 2008, First Hawaiian Bank lent Mather $686,000, which was secured by a mortgage on property located on Dole Street in Honolulu. First Hawaiian Bank ultimately foreclosed on this property in state-court proceedings. See Complaint ¶¶ 27, 29, 38, Civil No. 14-00091 SOM/RLP; Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale ¶ 4, Civ. No. 12-1-3080 (Haw. Cir. Ct. Aug. 23, 2013), ECF No. 9-11 in Civil No. 14-00091 SOM/RLP, PageID # 400; and ECF No. 13-4, PageID # 119 ("Interlocutory Decree of Foreclosure").

4

On or about November 5, 2008, First Hawaiian Bank also extended to Mather a line of credit of up to $20,000, which was secured by a second mortgage on the Dole Street property. First Hawaiian Bank also foreclosed on this line of credit in state court. See Complaint ¶¶ 28, 29, 38, Civil No. 14-00091 SOM/RLP.

First Hawaiian Bank had previously initiated a state-court special proceeding concerning the September 2008 $686,000 loan. On August 9, 2012, the Circuit Court of the First Circuit, State of Hawaii, entered Findings of Fact, Conclusions of Law and Order Granting Petitioner's Motion for Summary Judgment and Order to Expunge Various Instruments Against Karen Mary Schaefer, S.P. No. 12-1-0240 KKS (Haw. Cir. Ct. Aug. 9, 2012), ECF No. 9-7 in Civil No. 14-00091 SOM/RLP, PageID # 378. In that document, the state court made a factual finding that Mather had recorded in Hawaii's Bureau of Conveyances a Notice of Dishonor and Non-Response in January 2012 that claimed that, if First Hawaiian Bank failed to respond to the notice within three days, the $686,000 note (along with another note for a separate $224,000 loan) would be null and void. Id., PageID # 382. According to the state-court order, several days later, Karen Schaefer, who is apparently a notary, recorded a Certificate of Dishonor that claimed the notes were "null and void" and that First Hawaiian Bank owed Mather $1,459,703.35. Id., PageID # 383. According to the description in the state-court order, Mather then filed a

5

Satisfaction of Mortgage and a Release and Discharge of Mortgage Lien, as well as a UCC Financing Statement that purportedly granted her a security interest in First Hawaiian Bank property. See id., PageID #s 383-84. The state-court order expunged the various instruments filed by Schaefer. Id., PageID # 387.

Several weeks later, Mather stipulated to the expungement of the instruments she had filed. See Stipulated Order to Expunge Various Instruments, S.P. No. 12-1-0240 KKS (Haw. Cir. Ct. Aug. 30, 2012), ECF No. 9-9 in Civil No. 14-00091 SOM/RLP, PageID # 392.

In an order of August 23, 2013, the state court determined that Mather had defaulted on the loans made to her by First Hawaiian Bank and that First Hawaiian Bank was entitled to foreclose on its security interests. Interlocutory Decree of Foreclosure, ECF No. 9-11 in Civil No. 14-00091 SOM/RLP, PageID # 408; ECF No. 13-4, PageID # 127. The state court ordered the Dole Street property to be sold via a public action by a court-appointed commissioner. Id., PageID # 410; ECF No. 13-4, PageID # 128. The state court further ruled that, pursuant to Rule 54(b) of the Hawaii Rules of Civil Procedure, the Interlocutory Decree of Foreclosure "shall be considered as a final order and judgment and there shall be no just reason for delay." Id., PageID # 413; ECF No. 13-4, PageID # 132; see also Judgment re: Findings of Fact, Conclusions of Law and Order Granting

Plaintiff's Motion for Summary Judgment as to All Claims and All Parties, Interlocutory Decree of Foreclosure and Order of Sale, Civ. No. 12-1-3080 (Haw. Cir. Ct. Aug. 23, 2013), ECF No. 9-12 in Civil No. 14-00091 SOM/RLP; ECF No. 13-5.

It appears that Mather filed a Chapter 11 bankruptcy petition. That bankruptcy case was dismissed because Mather failed to file required documents. See Order Dismissing Case with 180-Day Bar to Refiling for Failure to File Required Documents, ECF No. 9-13 in Civil No. 14-00091 SOM/RLP, PageID # 420; ECF No. 13-6, PageID # 139.

The Dole Street property was sold at public auction to First Hawaiian Bank, and the state court confirmed the sale. See Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal or Personal Property, Civ. No. 12-1-3080 (Haw. Cir. Ct. Mar. 21, 2014), ECF No. 21-3 in Civil No. 14-00091 SOM/RLP, and Judgment re: Order Granting Plaintiff's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal or Personal Property, Civ. No. 12-1-3080 (Haw. Cir. Ct. Mar. 21, 2014), ECF No. 21-4 in Civil No. 14-00091 SOM/RLP. Mather took no appeal from any state-court foreclosure order or judgment relating to the Dole Street property, instead turning to this court for relief.

On June 24, 2014, the court dismissed the Complaint in Civil No. 14-00091 SOM/RLP, ruling that the federal claims alleged in it were barred by the applicable limitations periods. See ECF No. 28 in Civil No. 14-00091 SOM/RLP. The court declined to exercise supplemental jurisdiction over the state-law claims asserted in the Complaint. Id. The court expressed concern that Mather might be abusing the court process to delay and/or hinder the state-court foreclosure proceedings by trying to appeal the state court's decisions to this court. The court was also concerned that Mather appeared to be asserting claims barred by the res judicata and collateral estoppel doctrines. Id. The court nevertheless granted Mather leave to file an amended complaint no later than July 11, 2014. Id.

Instead of filing an amended complaint in Civil No. 14-00091 SOM/RLP, Mather filed a motion for leave to file an amended complaint in the form attached as an exhibit to her motion. See ECF No. 33 in Civil No. 14-00091 SOM/RLP.

On August 22, 2014, the court denied that motion. See ECF No. 48 in Civil No. 14-00091 SOM/RLP. The court's concerns that Mather might be abusing the court process turned out to be well-founded. The proposed amended complaint was prolix, containing many irrelevant allegations covering 69 pages. The court therefore denied the motion, ruling that the proposed amended complaint violated Rule 8(a)(2) of the Federal Rules of

Civil Procedure. The court also ruled that some of the claims were barred by the Rooker-Feldman doctrine and by the res judicata and/or collateral estoppel doctrines. Notwithstanding its continuing concerns, the court gave Mather leave to file another motion seeking leave to file an amended complaint, requiring Mather to attach any new proposed pleading to the motion. Any such motion was required to be filed by September 12, 2014. The court warned Mather that failure to timely file such a motion would result in the automatic closure of the case. Id.

Mather did not timely file a motion seeking leave to file a new amended complaint. Judgment against Mather was therefore entered on September 15, 2014. See ECF No. 50 in Civil No. 14-00091 SOM/RLP.

The following day, September 16, 2014, Mather sought post-judgment relief. See ECF No. 51 in Civil No. 14-00091 SOM/RLP. On September 18, 2014, this court denied that request. See ECF No. 51 in Civil No. 14-00091 SOM/RLP. In relevant part, the court stated:

> Mather argues that relief is warranted because the Rooker-Feldman doctrine has been abolished. That is simply not the case. Mather's case is the type of case that the Supreme Court has expressly noted the doctrine applies to. In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the Supreme Court stated that the Rooker-Feldman doctrine is confined to cases that are brought by state-court losers

9

> complaining of injuries caused by state-court
> judgments rendered before the commencement of
> district court proceedings, and that invite
> district court review and rejection of those
> state-court judgments.  Here, a final
> judgment in the state-court foreclosure
> action was entered on August 23, 2013,
> pursuant to the state court's certification
> that, under Rule 54(b) of the Hawaii Rules of
> Civil Procedure, its grant of summary
> judgment in favor of First Hawaiian Bank and
> against Mather was a final order and judgment
> and that there was no just reason for delay.
> See ECF No. 21-1, 21-2.  Mather could have
> appealed that order but chose not to do so.
>
> Instead, about six months later, she
> came to federal court, claiming, among other
> things, that First Hawaiian Bank had lacked
> standing to foreclose on the loans (First
> Cause of Action), and seeking to quiet title
> and prevent a slander of title (Fifth and
> Sixth Causes of Action) as to the security
> foreclosed on in state court, and to rescind
> the loans that were foreclosed on in state
> court (Tenth Cause of Action).  See ECF
> No. 1.  Mather reiterated these claims in her
> proposed amended complaint.  See ECF No. 33-
> 1.  These claims directly challenged the
> final judgment issued in the state-court
> proceedings and were therefore barred by the
> Rooker-Feldman doctrine.

Id., PageID # 1660-61.

The same order rejected Mather's post-judgment request to file an amended complaint asserting a RICO claim.  See id., PageID # 1663-64.  In response, on September 26, 2014, Mather filed the present action, which asserts a RICO claim against First Hawaiian Bank and the attorneys who represented it in the state-court foreclosure proceedings.  See ECF No. 1.

10

Mather amended that complaint on September 29, 2014, alleging that First Hawaiian Bank, in conjunction with the attorneys representing it in the state-court foreclosure proceedings, Defendants Jonathan W.Y. Lai and David Y. Nakashima, "manufactured evidence of indebtedness and used false evidence of indebtedness" to take her property. See ECF No. 5, PageID #s 31-32. On November 5, 2014, Mather clarified that her RICO claim is based on the action in which First Hawaiian Bank foreclosed on the Dole Street property. See ECF No. 18. In other words, Mather is asserting in her current RICO claim that, in the state-court foreclosure proceedings, First Hawaiian Bank and its attorneys presented a false note and mortgage to the state court.

**IV.     ANALYSIS.**

In dismissing the Complaint filed in Civil No. 14-00091 SOM/RLP, this court expressed concern that Mather may have been improperly trying to appeal matters decided in the state-court foreclosure proceedings to this court, which she may not do under the Rooker-Feldman doctrine. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). When Mather sought leave to file an Amended Complaint, the court saw that its concerns were well-founded. In addition to violating Rule 8(a) of the Federal Rules of Civil Procedure, Mather's proposed First Amended Complaint in

that case sought to assert claims barred by the Rooker-Feldman doctrine.

> The court explained:
>
> > Under the Rooker-Feldman doctrine, federal courts are divested of jurisdiction to conduct a direct review of state court judgments even when a federal question is presented. See Bennett v. Yoshina, 140 F.3d 1218, 1223 (9th Cir. 1998. Accord Mackay v. Pfeil, 827 F.2d 540, 543 (9th Cir. 1987) ("Federal district courts, as courts of original jurisdiction, may not serve as appellate tribunals to review errors allegedly committed by state courts"). The Rooker-Feldman doctrine is confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Jurisdiction is lacking even if a state court's decision is challenged as unconstitutional. Feldman, 460 U.S. at 486; Branson v. Nott, 62 F.3d 287, 291 (9th Cir.1995) ("As courts of original jurisdiction, federal district courts have no authority to review the final determinations of a state court in judicial proceedings. This is true even when the challenge to a state court decision involves federal constitutional issues") (citations omitted). Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the Supreme Court. See Feldman, 460 U.S. 482-483; Bennett, 140 F.3d at 1223 (noting that the rationale behind the Rooker-Feldman doctrine "is that the only federal court with the power to hear appeals from state courts is the United States Supreme Court").

> The Rooker-Feldman doctrine does not apply to a "general constitutional challenge"--one that does not require review of a final state court decision in a particular case. See Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001). The distinction between a permissible general constitutional challenge and an impermissible appeal of a state court determination may be subtle and difficult to make. If the federal constitutional claims presented to the district court are "inextricably intertwined" with the state court's judgment, then a plaintiff is essentially asking this court to review the state court's decision, which this court may not do. Id.

See ECF No. 48 in Civil No. 14-00091 SOM/RLP, PageID #s 1634-35.

In the proposed First Amended Complaint in the earlier action, Mather sought to assert claims of fraudulent concealment (Second Cause of Action) and of fraud (Third Cause of Action). The court ruled that, to the extent Mather sought to assert a claim that First Hawaiian Bank fraudulently concealed that it was not the owner and holder of Mather's notes and mortgages and therefore had no legal right to enforce those documents, that claim was barred by the Rooker-Feldman doctrine because the state court's determination that First Hawaiian Bank was indeed the owner and holder of the mortgages could not be appealed to this court. Id., PageID #s 1638-39. The court stated, "Any such challenge should have been made in the state court proceedings and/or appealed through the state-court appellate system." Id., PageID # 1639. Similarly, the court ruled that the Rooker-Feldman doctrine barred the proposed fraud claim, as that claim

13

also sought to have this court reexamine the bank's representation that it owned the notes and mortgages at issue. Id.

The current RICO claim asserted by Mather is based on the same conduct as the fraud and fraudulent concealment claims in the earlier case—-that First Hawaiian Bank and its attorneys allegedly presented false evidence of ownership of her note and mortgage to the state court in the foreclosure proceedings. The RICO claim is therefore inextricably intertwined with the state court's determination that First Hawaiian Bank did indeed own the note and mortgage and that these documents were real and enforceable. That determination cannot be reviewed by this court under the guise of a RICO claim that essentially seeks reversal of the state court's determination that First Hawaiian Bank owned the note and mortgage and that these documents were valid and enforceable, a determination that Mather failed to appeal. Whether the court deems the present action to be an impermissible appeal barred by the Rooker-Feldman doctrine or an attempt to relitigate the issue of the enforceability of the loan documents that was finally and necessarily determined in the state-court foreclosure proceedings such that the collateral estoppel doctrine would apply, Mather may not proceed with the RICO claim she is attempting to assert here.

**V.	CONCLUSION.**

The court dismisses this action based on the <u>Rooker-Feldman</u> doctrine. The court therefore does not reach the other arguments raised by Defendants in their motion to dismiss. Although the court would normally give a <u>pro se</u> litigant leave to file an amended pleading, it does not do so here. The present action is a continuation of an earlier case dismissed by this court. <u>See</u> Civ. No. 14-00091 SOM/RLP. Given Mather's numerous attempts to file complaints (in the earlier case and in this case) related to the state court's orders and judgments concerning the foreclosure of loans secured by mortgages on the Dole Street property, the court concludes that any attempt by Mather to amend her Complaint to assert claims concerning the foreclosure of the loan secured by the Dole Street property would be futile. The Clerk of Court is directed to enter judgment in favor of Defendants and to close this case.

The court decides this motion without a hearing pursuant to Local Rule 7.2(d).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 12, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

<u>Mather v. First Hawaiian Bank, et al</u>, Civil No. 14-00429 SOM/RLP; ORDER DISMISSING ACTION